UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JATHIYA VALENTINE,

                          Plaintiff,

              -*against*-

QUEBEC YOUTH PROTECTION SERVICES
(DPG/DYP); SEMINOLE COUNTY FAMILY
COURT, FLORIDA; NEW YORK
FOUNDLING FOSTER AGENCY; FAMILY
COURT OF NEW YORK,

                          Defendants.

---

ORDER OF SERVICE

25-CV-5247 (ER)

EDGARDO RAMOS, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that her "children have been subject to unlawful seizure, medical abuse, physical or sexual abuse, neglect, and systemic mishandling by family court and child welfare systems in both the United States and Canada." (ECF 1 at 1.)  By order dated August 11, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised.  *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff's claims arise out of child welfare proceedings occurring in Manhattan, New York; Quebec, Canada; and Seminole County, Florida. Named as Defendants are Quebec Youth Protection Services ("QYPS") in Quebec, Canada; the Seminole County Family Court, in Sanford, Florida; New York Foundling ("NYF"), a foster care agency in Manhattan; and the New York State Supreme Court, Family Court, New York County ("New York County Family Court"). The first page of Plaintiff's original pleading purports to be a motion to "join related child welfare actions under federal jurisdiction."[1] (ECF 1 at 1.)

The following facts are drawn from the complaint.[2] Plaintiff is the biological mother of four minor children, three of whom are in kinship foster care with Plaintiff's maternal aunt, Ella Baker, in Seminole County, Florida, "under temporary placement initiated by [QYPS]." (*Id.*) On an unspecified date, the New York City Administration for Children's Services ("ACS") removed Plaintiff's fourth child, a newborn daughter, AV,[3] from her custody. (*Id.*). AV appears to be in foster care in New York City, under NYF's supervision. (*Id.*)

---

[1] Page 5 of the pleading appears to be a motion for *pro se* representation, dated June 24, 2025, that Plaintiff filed in the New York State Supreme Court, Family Court, New York County. (*Id.* at 5–6.)

[2] The Court quotes from Plaintiff's submissions verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[3] Because Plaintiff refers to her minor children by their full names, the Court directed the Clerk's Office to make her filings party-view only. *See* Rule 5.2(a)(3) of the Federal Rules of Civil Procedure (requiring submissions to refer to

According to Plaintiff, ACS removed AV "without a valid court order or emergency justification," and the removal allegedly "occurred under threat of arrest, without case planning, safety planning, or investigation." (*Id.*) Plaintiff claims that AV "has been moved four times in six weeks, taken across state lines without consent, and transported without proper car seat safety," and she further states that AV underwent surgery without Plaintiff's consent, and that she is being excluded from other decisions regarding AV's health and medical needs. (*Id.* at 2.) Plaintiff further claims that NYF has failed to "provide [her with] regular visitation" with AV; that when visits happen, NYF is "hostil[e]" towards her and sabotage[s] bonding" between her and AV, demonstrated by NYF's failure to accommodate her "nursing needs" or consider Plaintiff's requests for "alternative placements." (*Id.*) She also claims that AV "presented visible injuries to her lower labia," and that ACS and NYF have "not taken appropriate action to investigate" the "initial foster mother" or to otherwise "address this." (*Id.*) Finally, Plaintiff claims that, in connection with the New York County Family Court proceedings, she has been "denied meaningful access to the courts" and that court-appointed attorneys have failed to "submit evidence in support of reunification." (*Id.* at 2.)

On August 29, 2025, Plaintiff filed an "Emergency motion to expedite issuance of summons, immediate injunctive relief and to dismiss unlawful criminal proceedings." (ECF 8.) This filing contains new information that is not in the complaint. It appears that Plaintiff was charged with burglary in Seminole County, Florida, after she attempted to enter Ella Baker's home without permission. (*Id.*) Attached to the motion are documents from the Florida criminal matter, including a motion filed by Plaintiff's criminal defense attorney requesting that Plaintiff

---

a minor child using only the child's initials). Plaintiff is instructed that, in any future filings, she should refer to any minor child solely by his or her initials.

undergo a competency evaluation, and a court order, dated August 20, 2025, appointing an

evaluator; that order states, by way of background, that during a hearing held two days prior—on

August 18, 2025—"the issue of [Plaintiff's] competency was raised." (*Id.* at 7–8.)

On September 9, 2025, this matter was reassigned to the undersigned.

## DISCUSSION

### A.    Plaintiff's competence

Under Rule 17(c) of the Federal Rules of Civil Procedure, "[t]he court must appoint a

guardian ad litem – or issue another appropriate order – to protect a[n] . . . incompetent person

who is unrepresented in an action." Fed. R. Civ. P. 17(c); *Galanova v. Portnoy*, 432 F. Supp .3d

433, 442 (S.D.N.Y. 2020) ("In cases in which the plaintiff is incapacitated, and therefore unable

to proceed *pro se*, and is unrepresented, the district court must not reach the merits of a claim

filed on behalf of an incompetent person who is not properly represented by a suitable guardian

and through counsel.") (internal quotation marks and citation omitted).

The duty to consider whether Rule 17(c) applies is triggered by:

> evidence from an appropriate court of record or a relevant public agency indicating
> that the party had been adjudicated incompetent, or . . . verifiable evidence from a
> mental health professional demonstrating that the party is being or has been treated
> for mental illness of the type that would render him or her legally incompetent.

*Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 201 (2d Cir. 2003).

Here, Plaintiff has not alleged that either "an appropriate court of record or a relevant

public agency . . . [has] adjudicated [her] incompetent" or that "a mental health professional . . .

is [treating] . . . or has . . . treated [her] for mental illness of the type that would render . . . her

legally incompetent." (*Id.*) Plaintiff attaches to her complaint documents showing that a Florida

court ordered her to undergo a competency evaluation in connection with criminal proceedings.

That order is dated August 20, 2025, however, and there is no indication that the evaluation has

taken place and that Plaintiff was found to be incompetent.  Moreover, Plaintiff's submissions, including the Florida state court order, provide no context for the determination that such an evaluation was necessary.  In short, while Plaintiff may have mental health issues or may be receiving mental health treatment, there is nothing before the Court indicating that a court or public agency has adjudicated her incompetent or that she suffers from a mental illness that renders her incompetent.  *See Romano v. Laskowski*, No. 22-1896, 2024 WL 4635227, at \*2 (2d Cir. Oct. 31, 2024) (summary order) ("As the district court concluded, this evidence may suggest that Romano 'almost certainly suffers from some degree of mental illness.'  But the record speaks only to mental illness – not incompetence. And there is no 'necessary relationship' between the two.") (citations omitted).

For these reasons, the Court does not find, at this stage and with the information before it, that a competency hearing is warranted.  Plaintiff is directed, however, to provide the Court with: (1) any updates on the outcome of the competency determination in Florida; and (2) any other information or documentation relevant to the issue of her competency to proceed with this matter.  The Court will, if necessary, revisit this issue if any new information is presented.[4]

**B.      The Defendants**

     **1.      QYPS and Seminole County Family Court and the motion to "join related child welfare actions under federal jurisdiction"**

Under 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this

---

[4] Plaintiff is alerted that, if an incompetent person brings suit *pro se*, and if the court holds that it is "clear that no substantial claim could be asserted . . . [by that incompetent person, the court] may dismiss the complaint . . . without prejudice." *Berrios v. N.Y. City Housing Authority*, 564 F.3d 130, 135 (2d Cir. 2009).

section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For the purpose of Section 1391, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

Plaintiff asserts claims against QYPS, which is located in Quebec, Canada, regarding events occurring in Quebec. She also asserts claims against the Seminole County Family Court, which is located in Florida, regarding events occurring in Seminole County, Florida. Because Defendants are not alleged to reside in this district, and because none of the underlying events occurred in this district, this court is not a proper venue for these claims.

Title 28, section 1406(a) vests this Court with the authority to "dismiss, or if it be in the interest of justice, transfer [a] case to any district or division in which it could have been brought." This provision vests broad discretion with district courts to decline to transfer a case where it would not be in the interest of justice to effect such a transfer. *See Reese v. CNH America, LLC*, 574 F.3d 315, 320 (6th Cir. 2009). Based on the barebones nature of Plaintiff's submissions to this Court in connection with events occurring in Canada and Florida, the Court finds that it would not be in the interest of justice to transfer the claims arising in those jurisdictions. Instead, the Court dismisses the claims arising in Canada and Florida without prejudice to Plaintiff filing actions in the proper jurisdictions to consider them.

### 2.    New York County Family Court and the City of New York

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009).

"The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*.

Plaintiff names the New York County Family Court as a defendant. The Family Court, as a part of the New York State Unified Court System, is an arm of the State of New York. *Id*. at 368 (explaining that the Family Court is part of the New York State Unified Court System and "is unquestionably an 'arm of the State,' entitled to Eleventh Amendment sovereign immunity.").

New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting Section 1983. *See Trotman v. Palisades Interstate Park Commission*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's Section 1983 claims against the New York County Family Court are therefore barred by the Eleventh Amendment and are dismissed for lack of jurisdiction.

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to add the City of New York as a Defendant. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

### C.    Motions

#### 1.    Motion to "join related child welfare actions under federal jurisdiction"

Having already dismissed without prejudice any claims arising from Family Court proceedings occurring in other jurisdictions, the Court considers Plaintiff's motion for "federal jurisdiction" of the proceedings in New York County Family Court.

The abstention doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971), "generally prohibits [federal] courts from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings so as to avoid unnecessary friction." *Spargo v.*

*N.Y. State Commission on Judicial Conduct*, 351 F.3d 65, 75 (2d Cir. 2003); *see also Lowell v.*

*Vermont Dep't of Child. & Families*, 835 F. App'x 637, 640 (2d Cir. 2020) (holding that generally

the "ability to raise constitutional claims in subsequent state-court judicial review . . . is

sufficient . . . and bar[s] federal courts from taking jurisdiction over the same claims while the

state proceeding is pending."). A civil proceeding is pending for purposes of *Younger* abstention

if further state appellate remedies are available at the time of filing of the federal complaint.

*Gristina v. Merchan*, 131 F.4th 82, 87 (2d Cir. 2025).

　　*Younger* abstention is limited to three types of cases: (1) "ongoing state criminal

prosecutions"; (2) "state civil proceedings that are akin to criminal prosecutions"; and (3) civil

proceedings involving "certain orders . . . uniquely in furtherance of the state courts' ability to

perform their judicial functions." *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72–73

(2013). The second category, state civil proceedings "akin to criminal prosecutions," includes

state-initiated proceedings to gain custody of children allegedly abused by their parents. *Id.* at 79

(citing *Moore v. Sims*, 442 U.S. 415, 419–420 (1979)). *Younger* abstention is not required,

however, where there are "special circumstances suggesting bad faith, harassment, or irreparable

injury that is both serious and immediate." *See Gibson v. Berryhill*, 411 U.S. 564, 573–74 (1973)

(citing *Younger*, 401 U.S. 37). To show bad faith, a plaintiff must show that "the state

proceeding was initiated with and is animated by a retaliatory, harassing, or other illegitimate

motive" and that she "ha[s] no reasonable expectation of obtaining a favorable outcome."

*Lowell,* 835 F. App'x at 640 (citing *Diamond "D,"* 282 F.3d at 199).

　　The allegations in Plaintiff's complaint suggest that Family Court proceedings are

ongoing. Moreover, the state-initiated child removal proceeding that Plaintiff challenges is "akin

to a criminal proceeding" and thus is a category to which *Younger* abstention applies.  *Sprint*,

571 U.S. at 72.

Plaintiff's allegations are insufficient to show that abstention is unwarranted on the

grounds that the circumstances of the state prosecution demonstrate bad faith, harassment, or

irreparable injury.  Plaintiff contends that she has been "denied meaningful access to the courts"

and that court-appointed attorneys have failed to "submit evidence in support of reunification."

(ECF 1 at 2.)  These allegations do not suggest that "the state proceeding was initiated with and

is animated by a retaliatory, harassing, or other illegitimate motive," or that the Plaintiff has "no

reasonable expectation of obtaining a favorable outcome."  *Lowell*, 835 F. App'x at 640 (2d Cir.

2020).  The Court therefore abstains under *Younger* from adjudicating Plaintiff's claims that

involve or call into question the ongoing proceedings in New York County Family Court.

**2.    Motion "to expedite issuance of summons, immediate injunctive relief and to
dismiss unlawful criminal proceedings"**

Plaintiff seeks preliminary injunctive relief.  To obtain such relief, Plaintiff must show:

(1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the

merits of her case or (b) sufficiently serious questions going to the merits to make them a fair

ground for litigation and a balance of hardships tipping decidedly in her favor.  *See UBS*

*Financial Services, Inc. v. West Virginia University Hospitals, Inc.*, 660 F.3d 643, 648 (2d Cir.

2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547

(2000).  Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not

be granted unless the movant, by a clear showing, carries the burden of persuasion."  *Moore v.*

*Consolidated Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation

marks and citation omitted).

For the reasons set forth in this order, and at this early stage, Plaintiff has failed to show (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. Accordingly, the Court denies without prejudice Plaintiff's request for preliminary injunctive relief. Because this order is directing service on the remaining Defendants, the motion for issuance of summonses is denied as moot.

**D.     Order of Service on the City of New York and NYF**

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[5] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants the City of New York and NYF through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

---

[5]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

Plaintiff must notify the Court in writing if his address changes, and the Court may

dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses without prejudice Plaintiff's claims against Quebec Youth Protection

Services and Seminole County Family Court, Florida.  The Court dismisses with prejudice the

claims against the New York County Family Court.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  The

Clerk of Court is directed to add the City of New York as a Defendant under Fed. R. Civ. P. 21.

The Court denies the pending motion without prejudice, and the Clerk of Court is

directed to terminate it.  (ECF 8.)

The Clerk of Court is further instructed to issue summonses for the City of New York and

New York Foundling, complete the USM-285 form with the address for Defendants, and deliver

all documents necessary to effect service to the U.S. Marshals Service.

Plaintiff may receive court documents by email by completing a Consent to Electronic

Service form.[6]

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:    October 1, 2025
          New York, New York

                                                    EDGARDO RAMOS
                                                    United States District Judge

---

[6] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

11

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.    City of New York
      100 Church Street
      New York, N.Y. 10007

2.    New York Foundling
      590 Avenue of the Americas
      New York, N.Y. 10011